THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRISTINA BALAN,

        Plaintiff,

v.

TESLA MOTORS INC.,

        Defendant.

Case No. 2:19-cv-00067-MJP

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedures and the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 4), the parties submit this Joint Status Report and Discovery Plan. The parties' attorneys held a telephonic conference on March 15, 2019 and have subsequently engaged in email correspondence. In that correspondence, counsel for Defendant Tesla, Inc. (formerly Tesla Motors, Inc., "Tesla" or "Defendant") requested that Plaintiff agree to extend the deadlines for exchanging Initial Disclosures and submitting this Joint Status Report, and requested that Plaintiff agree to arbitrate her claim pursuant to an existing arbitration agreement between the parties; Plaintiff refused either to extend any deadlines or to submit her claim to arbitration; and counsel for Tesla informed Plaintiff that Tesla would be filing a motion to compel arbitration. In the meantime, the parties agreed to submit this Joint Status Report.

The draft Joint Status Report provided by counsel for Defendant to Plaintiff inadvertently included an incomplete list of topics and the error was not noticed until the afternoon of April 11,

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

1  2019.  The parties will prepare a supplemental Joint Status Report and provide it to the Court
2  promptly.

3  **1.     Statement of the Nature and Complexity of the Case.**

4  <u>Plaintiff's Position</u>:  This is a malicious and vindictive defamation-libel matter.  Ms Balan
5  alleges that defendant Tesla, three and half years after terminated her employment, in retaliation
6  for her efforts to prevent Tesla safety, quality and inhumane practices on treating anyone who
7  dare to speak up, Tesla attacked Ms Balan publicly, made defamatory statements to a Huffington
8  Post article in connection with her current litigation with Tesla at the time, during arbitration
9  related to her employment and her termination.

10  Tesla asked the reporter, who wrote a true article about her story based-on facts, to update
11  his article with a note from Tesla PR Spokesperson.  The note was almost as long as the article
12  itself, full of outrageous lies to which Tesla were clearly aware at the time they've made the
13  statement. The Plaintiff ex-teammates, VPs, CEOs and of suppliers she worked with, they were
14  outraged to read how deceitful and malicious Tesla can be, when they decide to can attack and
15  destroy someone life and entire career.  Lots of them they will all testify at this case.

16  Tesla even went to the extent of publishing internal legal conclusions or investigations,
17  to influence the arbitrator not just the public,  on issues they were stopped to mention during
18  litigation, because of attorney client privilege they've raised when asked to present the
19  conclusions of those investigations during the legal venue and they refused.

20  The Plaintiff immediately tried to stop the damage that was done by the defendant thru
21  different venues without any success, first by asking Tesla to remove the note. Tesla refused.
22  She even wrote a blog, in which she presented facts on most of the lies the defendant posted, her
23  lawyer tried to discuss this matter with the arbitrator, which didn't care as was not part of the
24  employment issues or the arbitration.  Ms Balan attorney advise her and instruct her to wait until
25  the finality of the current arbitration, because this defamation claim is not part of the arbitration
26  agreement and has to be filed in court.  Which she did. She waited until the award was issued.

27

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 2

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

Prior to filing this lawsuit, Plaintiff sent a letter of intent and multiple requests to correct the false and misleading statements, especially after we've had an arbitration award showing that many of Tesla statements in the article are in fact not true. Tesla even engaged in a settlement discussion in October 2018, but Defendants refused again to correct the false statements.

Now the defendants are claiming to go back to arbitrate facts that were already presented and concluded by an arbitrator award. Plaintiff will present her point of view in the response to the defendant Motion to Compel Arbitration on why this arbitration agreement is not enforceable in this particular case.

Plaintiff brings this action for defamation with malice and Intentional infliction of emotional distress, all with clear evidence that both the Defendant and Plaintiff already have.

Discovery will be extremely simple as the Plaintiff has more than 90% of the discovery she needs. The trial is expected to not be complex, except that the Plaintiff has a lot of potential witnesses, depending on the claims that go to trial.

Defendant's Position: Plaintiff's claim arises from her employment with Tesla and is subject to an existing arbitration agreement between the parties. Tesla asserted Mandatory Arbitration as its first affirmative defense in its Answer in this matter. Subsequently, counsel for Tesla reminded Plaintiff of her agreement to arbitrate and the fact that she has previously arbitrated claims against Tesla pursuant to the parties' agreement, provided a copy of the arbitration agreement, and requested that Plaintiff agree to arbitrate her claims. Plaintiff refused. Tesla will be filing a motion to compel arbitration as soon as possible, and has notified Plaintiff of its intention to do so. In submitting this Joint Status Report with Plaintiff, Tesla in no way intends to engage in litigation in this Court, does not waive its right to promptly bring a motion to compel arbitration, and expressly reserves its right to do so.

2. **Proposed Deadline for Joining Additional Parties.**

Plaintiff's Position: Depending on the depositions and discovery between Tesla and Huffington Post and its reporter, the Plaintiff may add the Huffington Post as a defendant.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 3

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

<u>Defendant's Position</u>: Defendant does not anticipate joining any additional parties. As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**3.     Magistrate.**

<u>Plaintiff's Position</u>:  The Plaintiff do not consent to trial by a Magistrate Judge.

<u>Defendant's Position</u>:  Defendant does not consent to a Magistrate Judge.  As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**4.     Related Cases.**

<u>Plaintiff's Position</u>:

Plaintiff had previously arbitrated claims against Defendant for employment related issues.  The Plaintiff won one of the claims and Defendant paid attorney fees and costs.

During the litigation, after all the discovery, experts and depositions phase ended, when the parties were getting ready for the hearing, the plaintiff was defamed by the defendant in a horrible and outrageous way.  At a time where the Defendant was aware of the facts and where the truth stands, but still decided to destroy Ms. Balan publicly.

As mention in Paragraph 1, after the final award was issued, the Plaintiff won one of the employments claims and she asked against the Defendant to apologize and correct the defamatory statements, especially that even the award shows that Tesla spread false information about the Plaintiff.  The defendant ignored the request.

<u>Defendant's Position</u>:  Plaintiff and Defendant have previously arbitrated claims made by Plaintiff against Defendant.  This case is related to that arbitration.  As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**5.     Initial Disclosures.**

<u>Plaintiff's Position</u>: Despite the Plaintiff requests, Defendant did not want to have a meet and confer conference and didn't discuss anything related to the case or initial disclosure up to

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 4

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

this point. On the initial disclosure exchange the Plaintiff only received from the Defendant statements like "as yet unidentified" on the witnesses names and documents.

In the light of the current situation the Plaintiff will present her point of view regarding the discovery, disclosures and trial dates.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration. Defendant timely served initial disclosures on Plaintiff and reserved its right to supplement its disclosures in the future. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

**6. Expert and Pretrial Disclosures.**

Plaintiff's Position: The Plaintiff doesn't need more then June 1, 2019 for Expert phase

Tesla has yet to identify the person who wrote the article and the ones who agreed and instructed the PR to write the malicious statements.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

**7. Subjects, Timing, and Potential Phasing of Discovery.**

Plaintiff's Position: Until The Defendant will not identify the number of people who were involve in writing the defamatory note and make it public this paragraph is unknown at this time

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

**8. Preservation of Discoverable Information.**

Plaintiff's Position: Plaintiff will comply with the rules of preservation of discovery.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 5

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

    Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a Motion to Compel Arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration. Defendant will comply with the rules of discovery with regard to preservation of discoverable information.

**9. Electronically Stored Information.**

    Plaintiff's Position: Within 30 days after the Rule 26(f) conference.

    In the lack of collaboration from the Defendant for the discovery, The Plaintiff requests all the document to be exchange in pdf and original form (like outlook raw state and PST format). Electronic data productions may be send electronically via FTP and physically using electronic storage media such as flash memory devices.

    Taking into account the history that Tesla had in the past to hide and destroy evidence, the Plaintiff may require an onsite third party forensic IT expert.

    Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a Motion to Compel Arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

**10. Privilege Issues.**

    Plaintiff's Position: Plaintiff believes they will be some issues from the Defendant part regarding the emails between the PR and other departments like legal.

    Defendant's Position: As discussed under paragraph number 1, above, Defendant will be filing a motion to compel arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

**11. Inadvertent Disclosure of Privileged Information.**

    Plaintiff's Position: Inadvertent production of material subject to the attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 6

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

The Plaintiff request a Privilege Log Based on Metadata. That privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection), so we can identify how many back and forth and thru what channels PR got their information and approvals, to write something so outrageous, knowing they are false information.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

**12.   Changes to Limitations on Discovery.**

Plaintiff's Position: Plaintiff does not see any changes to limitations on discovery

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

**13.   Date Discovery Can Be Completed.**

Plaintiff's Position: The discovery on the case should be ready by June 1, 2019.

The Plaintiff already has in her possession all the material facts she needs to proof her claims,

The only things she needs are the internal emails, documents, voicemails and calls between the PR Person and the VP of PR/global communication Dave Arnold had with the media regarding the Plaintiff as she knows they've existed and all the other person inside tesla like legal and marketing department that ever discussed or mentioned the Plaintiff with any media.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration. Discovery should be completed, and any issues related to discovery should be addressed, in arbitration.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 7

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

**14.    Suggestions for Prompt and Efficient Resolution.**

Plaintiff's Position: It may help the court and the resolution of this case if the Defendant will start to collaborate with the Plaintiff and respect the deadlines and rules set by the court.

Plaintiff is preparing to file a motion for summary judgment taking into account that most of the material facts are already discovered.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**15.    Alternative Dispute Resolution.**

Plaintiff's Position: The Plaintiff do not believe that ADR will benefit this case taking into account the bad faith Tesla showed for the past 5 years.

Nevertheless, the Defendant can take into consideration the settlements discussions from October 2018, which first of all included a retraction and an apology to what was said in the article.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**16.    The Month the Case Will Be Ready for Trial.**

Plaintiff's Position: With the evidence that are already at hand the Plaintiff believes the case can be ready for trial in less than 4 months. Plaintiff propose the August 1st, 2019 time frame.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**17.    Jury or Non-Jury Trial.**

Plaintiff's Position: The Plaintiff hopes to have the fair chance of a Jury Trial.

Defendant's Position: As discussed under paragraph number 1, above, Plaintiff's claim

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 8

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**18.     Number of Trial Days Required.**

Plaintiff's Position: Because the evidence and material facts are so clear, the trial should be 3 to 5 days, depends how many claims will go to trial.

Defendant's Position:  As discussed under paragraph number 1, above, Plaintiff's claim is subject to an arbitration agreement between the parties, and Defendant will be filing a motion to compel arbitration.

**19.     Corporate Disclosure Statement.**

Defendant filed its Rule 7.1 Corporate Disclosure Statement on February 14, 2019 (Dkt. No. 6).

DATED:  April 11, 2019

LANE POWELL PC

By  s/ Cristina Balan
   Cristina Balan
   Pro Se Plaintiff

By  s/ Darin M. Sands
   Darin M. Sands, WSBA No. 35865
   601 SW Second Avenue, Suite 2100
   Portland, Oregon 97204-3158
   Telephone: 503.778.2100
   Facsimile: 503.778.2200
   Email:  sandsd@lanepowell.com

   Matthew C. Lewis, *Admitted Pro Hac Vice*
   Rodney B. Sorensen, *Admitted Pro Hac Vice*
   PAYNE & FEARS LLP
   235 Pine Street, Suite 1175
   San Francisco, California 94104
   Telephone: 415.738.6803
   Facsimile: 415.738.6855
   Email:  mcl@paynefears.com
           rbs@paynefears.com

   Attorneys for Defendant Tesla, Inc., formerly Tesla Motors, Inc.

JOINT STATUS REPORT AND DISCOVERY PLAN
(Case: 2:19-cv-00067-MJP) - 9

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

Cristina Balan
4698 Arbors Circle
Mukilteo, WA  98275
E-Mail: cbalan.j2019@gmail.com

*Pro Se Plaintiff*

Executed on the 11th day of April, 2019, at Portland, Oregon.

    s/ Darin M. Sands
Signature of Attorney
WSBA No. 35865
Typed Name:  Darin M. Sands
Address:  601 SW Second Avenue, Ste. 2100
Portland, OR  97204-3158
Telephone:  503.778.2100
Fax:  503.778.2200
E-mail:  sandsd@lanepowell.com
Attorney(s) For:  Defendant Tesla, Inc., formerly Tesla Motors, Inc.

CERTIFICATE OF SERVICE
(Case No.: 2:19-cv-00067-MJP)

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

718936.0001/7637142.1